OPINION
{¶ 1} On April 26, 2004, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Duncan Kinkel born April 23, 2004, alleging the child to be dependent. Mother of the child is appellant, Kathy Kinkel; father is Charles Kinkel, III. By judgment entry filed May 20, 2004, the trial court found the child to be dependent and granted temporary custody of the child to appellee.
 {¶ 2} On March 11, 2005, appellee filed a motion for permanent custody of Duncan and a second motion for permanent custody of his sister, Sylvia Kinkel born March 9, 2005. A hearing was held on June 1, 2005. By judgment entry, findings of fact and conclusions of law filed June 7, 2005, the trial court granted permanent custody of the children to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE STATE FAILED TO MEET ITS BURDEN OF CLEAR AND CONVINCING EVIDENCE WHEN IT FAILED TO OFFER SUFFICIENT EVIDENCE THAT MS. KINKEL'S CHILDREN COULD NOT BE PLACED WITH HER OR THAT PERMANENT CUSTODY IS IN THE CHILDREN'S BEST INTERESTS."
 II {¶ 5} "THE TRIAL COURT'S DECISION GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES FAILED IN ITS DUTY TO MAKE REASONABLE EFFORTS TO RETURN MS. KINKEL'S CHILDREN TO THE HOME AS REQUIRED BY R.C. 2151.419(A)(1)."
 I, II, III {¶ 7} Appellant claims the trial court erred in granting permanent custody of the children to appellee. We disagree.
 {¶ 8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 9} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 10} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 11} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 12} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;
 {¶ 13} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 14} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 15} "(16) Any other factor the court considers relevant."
 {¶ 16} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 17} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 18} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 19} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 20} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 21} "(5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child."
 {¶ 22} Both appellant and Mr. Kinkel do not live independently. T. at 66, 70. Mr. Kinkel has not pursued counseling as recommended and lacks sufficient verbal reasoning skills to communicate effectively and be a successful parent. T. at 9, 14, 84. Mr. Kinkel has not visited or bonded with the children. T. at 72. Mr. Kinkel indicated to the trial court his desire for the children to be with appellant. T. at 80.
 {¶ 23} Appellant has cooperated and has fulfilled the requirements of the case plan. T. at 50. However, appellant's functioning level is well below average and she has an IQ of 61. T. at 31. Although she participated in the parenting classes, she is unable to use the information in a novel situation or apply the information abstractly. T. at 32. During visits with Sylvia, appellant had to be instructed on the proper handling of the baby although Sylvia was her sixth child. T. at 51. She expressed the opinion that it would be proper to teach a seven year old about oral sex. T. at 53. Appellant has no insight into her own disabilities and did not even realize she was seven months pregnant. T. at 40, 57. It was the general opinion that appellant would not be able to care for the children without constant physical supervision and monitoring. T. at 40, 55. It was also opined that there were not any agencies available to render the type of assistance appellant would need to effectively care for the children. T. at 88.
 {¶ 24} Although it is obvious appellant tried her very best to regain her children, it is also painfully obvious that she cannot be an effective parent as she lacks the basic functionality level to parent.
 {¶ 25} The children are now in a single foster home and this home wishes to adopt both children. T. at 96, 100. The foster home has already adopted the children's sibling from a prior permanent custody case. T. at 100. The children do not have any long term problems and are suitable for adoption. T. at 97. There was an attempt to have grandparent placement by adding them to the case plan, but there has been no contact by the grandparents. T. at 98. Because of appellant's functioning level, there would be no point in further parenting classes. T. at 101.
 {¶ 26} Upon review, we conclude the trial court did not err in finding clear and convincing evidence of appellant's inability to parent and that all available means to assist her had been exhausted.
 {¶ 27} Assignments of Error I, II and III are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.